# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**COURTNEY O. HUNT**                                                                                                                         **PLAINTIFF**

**V.**                                               **NO. 1:08CV284-M-S**

**LEE COUNTY SHERIFF'S DEPARTMENT, et al.**                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

On November 2, 2009, the Plaintiff, an inmate currently being housed at the Tupelo Lee County Adult Jail, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

In his complaint, Hunt attempted to state claims for the denial of adequate medical treatment, failure-to-protect, and general conditions of confinement. The facts of each claim will be set forth below. The Plaintiff is seeking $5 billion dollars for these perceived constitutional violations and to be transferred to a facility outside this State. The court notes, however, that the Plaintiff candidly acknowledged that he has not processed his claims through the grievance system. *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003) (the failure to exhaust a claim is fatal and subject to few exceptions). Finally, the court notes that the Lee County Sheriff's Department is not a proper party to this civil matter. *See* Fed. R. Civ. P 17(b); *Montgomery v Mississippi*, 498 F. Supp. 2d 892 (S.D. Miss. 2007) (the sheriff's office was not amenable to suit according to Mississippi law, because the plaintiff failed to show it enjoyed an existence separate from the county).

### Denial of Adequate Medical Treatment

In support of this claim, the Plaintiff alleged that he has been denied psychiatric medication for an unspecified mental illness.[1] At the *Spears* hearing, the Plaintiff explained that he has been

---

[1] The court had the opportunity to observe the Plaintiff at the *Spears* hearing. Although he claims to have many psychological and physical maladies, he was able to present each issue and offer adequate responses to questions.

seen by a therapist on several occasions. The Plaintiff stated that the therapist is to determine if specialized psychiatric treatment is necessary. The Plaintiff further alleged that he has been denied the opportunity to see a specialist for a scalp condition. At the hearing, however, the Plaintiff offered that he has been provided with cream and medication for his scalp condition. He complained that the oral medication made is "middle section" hurt so he ceased the treatment. The Plaintiff admitted that he has seen a doctor at least once.

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the Plaintiff, it is clear that he has not been denied medical care. The Plaintiff admits that he was seen by a therapist for his perceived psychological issues and by a doctor for his physical concerns. Though he is unsatisfied with the treatment he received, the Plaintiff cannot show that the Defendants were deliberately indifferent to a substantial risk of serious harm. The Plaintiff was examined and treatment was administered. Therefore, the Plaintiff's claims of denial of medical attention related to unspecified psychological issues and a scalp condition are plainly without merit and should be summarily dismissed.[2]

Alhough the Plaintiff is obviously dissatisfied with the treatment he received, the indisputable evidence in this case simply does not support a claim for 1983 relief. In legal terms, a 1983 claim will not lie because the Plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

## Failure-to-Protect

Next, the Plaintiff claimed that he was attacked by a codefendant during yard call. He elaborated that the codefendant, with this fists, repeatedly hit the Plaintiff in the head. He stated that he suffered a scratched elbow which was bandaged by a nurse and headaches. The Plaintiff also said that he was "surprised by the attack."

"The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). The Fifth Circuit has stated that "the 'deliberate indifference' standard [is] the proper standard to apply in the

---

[2] If Plaintiff's complaint can be liberally read to include a claim for delayed medical attention, it too is equally unavailing given the absence of a obvious serious injury necessitating emergency treatment. *See Gibson v. Shabazz*, No. Civ. A. H-04-3405, 2005 WL 151396 at *13 (S.D. Tex. June 23, 2005) (noting that claims for delayed medical treatment typically involve "life-threatening situations.")*; see also Buckley v. Correctional Medical Services, Inc.*, 125 Fed. Appx. 98, 2005 WL 600651 (8th Cir. 2005) (20 month delay in scheduling elbow surgery after recommended did not state a 1983 claim delay was due to misunderstanding, non-emergency and not detrimental).

context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). This standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* 511 U.S. at 837. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels*, 474 U.S. at 327.

Here, the court finds it is beyond doubt that the Plaintiff has failed to allege the Defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary to state a claim cognizable under § 1983. *Farmer*, 511 U.S. at 826 (citation omitted). The Plaintiff admitted that even he was surprised by his codefendant's attack. He repeatedly stated, "they didn't know," meaning that jail officials had no notice or knowledge that the Plaintiff was in danger of being assaulted. Additionally, the Plaintiff's injuries are clearly *de minimis* and insufficient to substantiate relief under 1983. *See* 42 U.S.C. § 1997e(e)*; Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*). In short, the Plaintiff has failed to state a failure to protect claim.

**General Conditions**

Finally, the Plaintiff complained that he was forced to sleep on a steel bench in the "holding cell" for two nights. He stated that this caused his back to become stiff. The Plaintiff also takes issue with the jail's practice of taking the sleeping mats, during the hours from 6 a.m. until "bed-down," from inmates who are in punitive segregation.

Federal courts are permitted to "pierce the veil" of a prisoner's *in forma pauperis* complaint reviewing "factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Complaints about prison conditions are analyzed under the Eighth Amendment which prohibits cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59

(1981). The Eight Amendment does not mandate comfortable prisons; nevertheless, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Wilson v. Lynaugh*, 878 F.2d 846, 849 n.5 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S. Ct. 417, 107 L. Ed. 2d 382 (1989) (citations omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). A prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. 42 U.S.C. § 1997e(e).

Here, the Plaintiff's grievances are simply insufficient to state a claim. The denial of a sleeping mat for two nights, while certainly uncomfortable, does not rise to the level of an egregious deprivation of a minimal life necessity that was so inhumane as to give rise to a constitutional violation. *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999); *Phillips v. East*, 81 Fed. Appx. 483, 2003 WL 22770162 at *2 (5th Cir. Nov. 24, 2003) (denial of a mattress and blanket for two days does not establish a constitutional violation). The Fifth Circuit Court of Appeals has also upheld a similar prison policy with restricted mattress hours. *See Hadwin v. Stadler*, 196 Fed. Appx. 293, 2006 WL 2474763 at * 1 (5th Cir. Aug. 28, 2006) (policy requiring inmate in insolation to relinquish his mattress from 6:00 a.m. until 9:00 p.m. was not cruel and unusual). Moreover, the Plaintiff did not allege more than a *de minimis* injury and admitted that his back "is not a major problem" as a result of being exposed to these conditions. The Plaintiff has failed, therefore, to state a claim worthy of 1983 relief. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

**Conclusion**

Upon review of the complaint in this case and the testimony offered at the *Spears* hearing, it is clear that the Plaintiff does not present the court with an arguably valid legal claim, and as such, it is legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Cases brought by a plaintiff proceeding *in forma pauperis* that are based upon indisputably meritless legal theories are properly dismissed pursuant to 28 U.S.C. § 1915(d). It is the recommendation of the undersigned, therefore, that this case be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(d).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 6th day of November, 2009.

    /s/ Dave Sanders
UNITED STATES MAGISTRATE JUDGE